

FILED

JUN 0 2 2020

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LANE DAVID MILLER,<br><br>Defendant. | CR 16–11–BU–DLC<br><br>ORDER |

Before the Court is Defendant Lane David Miller's Motion for Early Termination of Probation. (Doc. 32.) Based on Miller's failure to obtain a G.E.D. or high school diploma, both the government and the United States Probation Office oppose Miller's motion. (Doc. 35.) While the Court understands the government and the Probation Office's respective concerns, it nevertheless finds that early termination is warranted.

The Court may terminate a term of probation at any time "after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *See United States v. Emmett*, 749 F.3d 817, 819 (describing the analogous standard

for granting early termination of supervised release under 18 U.S.C. § 3583(e)(1)). Still, the Court must look to the applicable factors under 18 U.S.C. § 3553(a) to guide its decision. 18 U.S.C. § 3564(c). Here, the relevant § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; and (4) the need to provide the defendant with educational or vocational training, medical care, or other rehabilitation. The overarching provision of § 3553(a) instructs the Court to "impose a sentence sufficient, but not greater than necessary." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).

In October 2016, this Court imposed a five-year term of probation after Miller pleaded guilty to possessing firearms as a prohibited person, a felony in violation of 18 U.S.C. § 922(g)(1). (Doc. 27.) Therefore, as Miller has served nearly four years of his total probationary term, he meets the threshold qualification for early termination. *See* 18 U.S.C. § 3564(c). Apart from his failure to obtain a G.E.D. or high school diploma within the first year of probation—a special condition the Court imposed in its Judgment (*see id.* at 3)— nothing in the record indicates that Miller has been noncompliant with the Judgment terms since sentencing. In fact, Miller appears to be flourishing. He has maintained steady employment since 2017. (Doc. 34-2.) In a letter submitted in support of Miller's early termination, his employer describes him as an exemplary

worker and leader. (*Id.*) Outside of work, Miller started a local archery club, and its membership appears to be growing. (Doc. 34-5.) Letters from Miller's family and friends, too, reflect a collective observation that he is sincere in his desire to establish and maintain good community standing. (Docs. 34-3; 34-4.) While the government characterizes Miller's conduct on probation as mere "compliance" with the terms of his probation, the Court finds his involvement and success in his community, work, and family to be notable. Additionally, since sentencing, there is nothing to indicate that continuing Miller's probation to its natural termination would act to deter him from criminal conduct or serve to protect the public.

Finally, while the Court appreciates the concern voiced by the government and Probation Office regarding Miller's failure to obtain a G.E.D. or high school diploma, in its view, this fact is not fatal to his request for early termination. The Court notes that the term does not require him to *obtain* either the degree or diploma; instead, it mandates only that he "shall make a good faith effort" to obtain either within the first year of probation. (Doc. 27 at 3.) Nothing in the record indicates that Miller failed to make a good faith effort, and instead it supports his insistence that memory difficulties caused by brain trauma made attaining a G.E.D. or high school diploma difficult. (*See* Sealed Doc. 29 at 12.)

In sum, considering the factors under § 3553(a), the Court finds that Miller's conduct for the past four years merits early termination of his five-year term of probation.

Accordingly, IT IS ORDERED that:

(1) The motion (Doc. 32) IS GRANTED pursuant to 18 U.S.C. §3564(c);

(2) Defendant Lane David Miller's term of probation is TERMINATED EARLY, effective immediately; and

(3) The Clerk of Court shall notify the United States Probation Office of the making of this Order.

DATED this 2nd day of June, 2020.

Dana L. Christensen, District Judge
United States District Court